IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEARA MOORE and LISA WEBB, Individually and on behalf of others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| ZILLION CONCEPTS, LLC d/b/a RUMORS, and DAVID RASHMIR, | ) ) ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs Keara Moore ("Moore") and Lisa Webb ("Webb") (collectively "Plaintiffs") who file this lawsuit against Defendants Zillion Concepts, LLC d/b/a Rumors ("Zillion") and David Rashmir ("Rashmir") (collectively "Defendants"), and show the following:

## Nature of Complaint

### 1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

### 2.

This action seeks declaratory relief, liquidated and actual damages for

Defendants' failure to pay federally mandated wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiffs' employment with Defendants (hereinafter referred to as the "relevant time period").

## Jurisdiction and Venue

### 3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

### 4.

Defendant Zillion is a Georgia corporation.

### 5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 3950 Jonesboro Rd, Forest Park, Georgia 30297.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## Parties

### 6.

Plaintiffs were residents of the State of Georgia during the relevant time period.

7.

Defendant Zillion may be served with process by delivering a copy of the summons and complaint to its registered agent, Justin A. Critz, 1126 Ponce de Leon Ave NE, Atlanta, Georgia, 30306.

8.

Defendant Rashmir may be served with process by delivering a copy of the summons and complaint to his work address at 3950 Jonesboro Rd, Forest Park, Georgia 30297.

## **Factual Allegations**

9.

Rumors is an adult entertainment nightclub located at 3950 Jonesboro Rd, Forest Park, Georgia 30297.

10.

Plaintiffs Moore and Webb both worked at Rumors as entertainers during the relevant time period.

11.

Ms. Moore's good-faith estimate is that she worked approximately 1200 unpaid hours between November 2020 and April 2021.

12.

Ms. Moore generally worked six shifts per week for eight hours per shift so

she worked at least eight hours of overtime per week.

13.

When she asked the manager about being compensated for these unpaid hours, she was told to "be patient."

14.

Ms. Moore also paid $50-$100 per day as a "house" fee, $25 per day for a DJ fee and $20 per day as a "house mom" fee.

15.

Ms. Moore's good faith estimate is that she worked approximately 200 hours of overtime between November 2020 and April 2021.

16.

Ms. Moore's total unpaid estimated hours include 1,000 regular hours at $7.25 per hour and 200 overtime hours at $10.88 per hour.  The total estimated unpaid wages for Ms. Moore are ($7.25 x 1000) $7,250 plus ($10.88 x 200) $2,176 for a total of $9,426.

17.

Ms. Moore also is entitled to reimbursement of all the additional "kickback" fees she paid which she estimates to be $120 per shift during approximately 150 shifts for a total of $18,000.

18.

The total estimated amount owed to Ms. Moore is $27,426.

19.

Ms. Webb's good-faith estimate is that she has approximately 800 unpaid hours between November 2019 and March 2020 (working many 8.5 hour days), 1,465 unpaid hours between June 2020 and October 2020 (working double shifts), and 144 unpaid hours in November and December 2020 for a total of 2,409 unpaid hours.

20.

Ms. Webb also received a W-2 showing earnings of $1,076.65, pay that she never actually received from Defendants.

21.

Ms. Webb also paid $50-$100 per day as a "house" fee, $25 per day for a DJ fee and $20 per day as a "house mom" fee.

22.

Ms. Webb's good-faith estimate is that she worked approximately 600 hours of overtime during the relevant time periods listed in paragraph 19.

23.

Ms. Webb's total estimated unpaid hours include 1,809 regular hours at $7.25 per hour and 600 overtime hours at $10.88 per hour.  The total unpaid

wages for Ms. Webb are ($7.25 x 1809) $13,115.25 plus ($10.88 x 600) $6,528 for a total of $19,643.25.

24.

Ms. Webb also is entitled to reimbursement of all the additional "kickback" fees she paid which we estimate to be $120 per shift during approximately 295 shifts for a total of $35,400.

25.

The total estimated amount owed to Ms. Webb is $55,043.25.

26.

Plaintiff and others similarly situated (the "FLSA Collective") are individuals who have worked as current and former entertainer employees of Defendant Zillion within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

27.

At all times for three years prior to the filing of the instant complaint, Defendants have employed female entertainers at Rumors.

28.

At all times for the three years prior to the filing of the instant complaint, Defendants have categorized all entertainers working at Rumors as "independent contractors."

6

29.

At all times for the three years prior to the filing of the instant complaint,
Defendants have not required entertainers to have any specialized training or
background.  Defendants have, however, required entertainers to dance at specified
times and in a specified manner on stage and for a specific price; regulated
entertainers' attire and interactions with customers; required entertainers to attend
meetings at Defendants' business; and financed all advertising efforts undertaken on
behalf of Rumors. Plaintiffs were subject to the policies of Defendants outlined in this
paragraph.

30.

At all times for the three years prior to the filing of the instant complaint,
Defendants have required entertainers, including Plaintiffs, to pay a specific amount,
often referred to as a "house fee" or "rental fee" to work on any given shift.

31.

The specific amount entertainers, including Plaintiffs, were required to pay has
varied over the last three years, but has generally been at least $50 per shift up to $100
depending on the arrival time of the entertainer.

32.

At all times for the three years prior to the filing of the instant complaint,
Defendants have required entertainers, including Plaintiffs, to pay a specific amount to

the "house mom," usually $20 per shift and the "DJ," usually $25 per shift.

33.

The fees described in Paragraphs 30-32 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act.

34.

Plaintiffs worked over forty hours in some weeks they worked for Defendants.

35.

Defendants have never paid entertainers any amount as wages.  Instead, entertainers' source of work-related income is gratuities they receive from customers.

36.

Because Defendants did not pay Plaintiffs most of their wages, Defendants did not pay Plaintiffs one-and-a-half times their regular rate of pay when Plaintiffs worked over forty hours in a given workweek.

37.

Defendants knew or showed reckless disregard for the fact that they misclassified Plaintiffs as independent contractors, and accordingly failed to pay Plaintiffs the minimum wage and failed to pay overtime at the required rate under the Fair Labor Standards Act.

38.

Defendant David Rashmir is the CEO of Zillion

39.

Defendant Rashmir had discretion over Plaintiffs' working hours, employment status, and overtime compensation.

40.

Defendant Rashmir acts both directly and indirectly in the interest of Zillion and was in a supervisory position over Plaintiffs.

41.

Zillion is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

42.

Defendant Rashmir is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

43.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

44.

At all times relevant, Defendant Zillion has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for

commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq.

45.

At all times relevant, Defendants have employed and continues to employ, employees, including Plaintiffs, who engage or engaged in commerce or in the production of goods for commerce.

46.

At all times relevant, upon information and belief, Defendants have had an annual gross volume of sales made or business done in excess of $500,000.00.

47.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiffs.

48.

Plaintiffs have consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as Plaintiffs.

49.

Plaintiffs and the FLSA Collective they seek to represent allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants during the past three years, who have not been compensated at least minimum wage for all hours worked and/or one and one-half times the regular

rate of pay for all work performed in excess of forty (40) hours per work week.

## CAUSES OF ACTION

### Violation of the Minimum Wage Requirement
### of the Fair Labor Standards Act.

50.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 6, 29 U.S.C. § 206, by failing to pay minimum wage for time that Plaintiffs worked.

51.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### Violation of the Overtime Wage Requirement
### of the Fair Labor Standards Act.

52.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in a workweek.

53.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an

equal amount, attorneys' fees, and the costs of this litigation.

## **Prayer for Relief**

**WHEREFORE**, Plaintiffs and the FLSA Collective respectfully request that this Court:

(A)   Grant Plaintiffs and the FLSA Collective a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiffs and the FLSA Collective unpaid minimum wages and overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiffs' rights and the rights of the FLSA Collective have been violated; and

(D)   Award Plaintiffs and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted this 10th day of June, 2021.

THE SHARMAN LAW FIRM LLC

/s/ *Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiffs