IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEARA MOORE and LISA WEBB, Individually and on behalf of others similarly situated, | : : : : : |
| Plaintiffs, | : CIVIL ACTION FILE NO. : : 1:21-cv-02393 - TWT |
| vs. | : : |
| ZILLION CONCEPTS, LLC d/b/a RUMORS, and DAVID RASHMIR, | : : : |
| Defendants. | : JURY TRIAL DEMANDED |

DEFENDANTS' BRIEF IN OPPOSITION TO
MOTION TO REOPEN AND ENFORCE SETTLEMENT AGREEMENT

COMES NOW Zillion Concepts, LLC, named as Defendant in the above matter and files this Brief In Opposition To Plaintiffs' Motion To Reopen And Enforce Settlement Agreement, respectfully showing to the Court as follows:[1]

INTRODUCTION:

The instant Motion is a nullity.  Seeking only an award of attorney's fees, the

---

[1] Defendant, David Rashmir, died prior to Plaintiffs' dismissal of this action with prejudice on October 21, 2021. While purportedly filed with consent of and on behalf of "Plaintiffs," the instant motion makes no claim and seeks no relief with regard to Plaintiff Webb.

-1-

Motion does not seek and indeed provides no grounds for the reopening of this case. As Plaintiffs' counsel expressly acknowledges, parties to an FLSA claim may settle the claim without judicial approval if the plaintiff will receive all of the relief to which he would be entitled if his claims were proven. (See Motion, ¶ 20). While the Motion suggests that Plaintiff Moore received less than she would have received if successful at trial [Id.], nowhere in her Affidavit does Moore claim that her settlement was unfair, insufficient, or the result of duress, coercion or under threat of loss of employment with Defendant. Indeed, Ms. Moore, in the instant Motion, is not seeking anything, nor even suggesting that she will suffer any loss if the Motion is denied. As reflected in the Prayer to her ostensible Motion, pretermitting any alleged promise to pay her attorney's fees, she is not asking the Court to reopen the case, even if the Motion is denied. Accordingly, there is no basis for entry of an order as this Court lacks subject matter jurisdiction to even consider the Motion. It is a nullity.

STATEMENT OF FACTS:

Plaintiffs filed this action on June 10, 2021. Prior to the time for filing

responsive pleadings,[2] Plaintiffs dismissed their case with prejudice. (Motion, p. 4). Lisa Webb makes no claims and is not referenced in the subject Motion. Keara Moore seeks no affirmative relief and appears in connection with the Motion only to state that, as part of her settlement, she "insisted" that her attorney's fees be paid and her "impression" that Nick White and her attorney had conferred regarding the issue. (Moore Affidavit, ¶ 9). Notably, she offers no basis for her sworn assertion that she "insisted that [White] must pay [her] attorney's fees of $5,700.00 and costs of $402.00 as a condition of any settlement and dismissal of my claims." (Motion, ¶ 8). According to the docket, Moore signed her Dismissal With Prejudice on September 17, 2021 and discharged her attorney on September 15, 2021. (Doc. 7, p. 1-2). However, according to his Affidavit, Mr. Sharman continued to bill Ms. Moore through October 12, 2021. (See Sharman Affidavit, Doc. 9-22, p. 1 of 1). Accordingly, Moore's insistence that White pay $5,700.00 as a condition for her settlement and dismissal, signed on September 17, 2021, must be false.

ARGUMENT AND CITATION OF AUTHORITY:

---

2  Plaintiffs did not move for class action certification pursuant to Local Rule 23.1(B).

A) <u>This Court Lacks Subject Matter Jurisdiction To Consider The Motion</u>.

It is fundamental that before entering an order, the Court must have subject matter jurisdiction over the matter. Such jurisdiction is lacking with respect to Plaintiffs' Motion. The case was dismissed by Plaintiffs with prejudice and no grounds have been provided to reopen the case. An alleged failure to honor an agreement to pay attorney's fees, which does not implicate either Plaintiff, does not offer grounds for reopening the case. Accordingly, the Court lacks subject matter jurisdiction with respect to the pending Motion.

B) <u>Plaintiff Moore's Understanding That Her Attorney Would Be Paid Merged Into And Was Extinguished By Her Dismissal Of This Action</u>.

Prior to dismissing her case, Plaintiff Moore, by her own admission, did not check to verify that her former attorney, had in fact been paid. Pretermitting the veracity of her assertions, which have been shown to be untrue, her decision to proceed with dismissal, precludes granting of Plaintiffs' purported Motion. (<u>See</u> Fed. R. Civ. P. 41).

C) <u>Sanctions Should Be Imposed Under 28 U.S.C. § 1927</u>.

Section 1927 of Title 28 provides that attorneys' fees may be awarded where

an attorney "so multiplies the proceedings in any case unreasonably and vexatiously[.]" Sanctions may be appropriate when an attorney knows or reasonably should know that their claim is frivolous, or that their litigation tactics will "needlessly obstruct the litigation of nonfrivolous claims." Jones v. Cont'l Corp., 789 F.2d 1225, 1230 (6th Cir. 1986). The court need not find bad faith on the part of the sanctioned party. Dixon v. Clem, 492 F.3d 665, 679, (6th Cir. 2007). Sanctions may also be issued under the court's inherent authority. In re Ruben, 825 F.2d 977, 983 (6th Cir. 1987). Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (the court may sanction a party "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.").

For the reasons set forth above, Defendant respectfully submits that this case presents grounds for an award of attorney's fees against Plaintiffs' counsel in an amount to be established in Affidavit submitted upon granting of this request.

CONCLUSION:

For the foregoing reasons, Defendant respectfully prays that the instant Motion be denied and that Defendant receive an award of attorney's fees pursuant to 28 U.S.C. § 1927 and under this Court's inherent authority.

Respectfully submitted this 9th day of November, 2021.

/s/ Kenneth I. Sokolov

Georgia Bar # 666460
Smith & Liss, LLC
Five Concourse Parkway
Suite 2600
Atlanta, Georgia 30328
404.760.6000 Tel
404.760.0225 Fax
ksokolov@smithliss.com
**Counsel For Defendants**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in Times New Roman (14 point) and fully complies with the font and point selection requirements of LR 5.1(B), NDGa.

/s/Kenneth I. Sokolov
Georgia Bar No. 666460

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the following individual(s) with the foregoing Defendants' Brief In Opposition To Motion To Reopen And Enforce Settlement Agreement with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following attorney(s)

of record:

Paul J. Sharman, Esq.
Georgia Bar # 227207
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
678.242.297   Tel.
678.802.2129 Fax
paul@sharman-law.com
**Counsel for Plaintiffs**

      Submitted this 9th day of November, 2021.

                                    /s/ *Kenneth I. Sokolov*